UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EUROPEAN AUTO EXPORTERS, LLC, a Florida limited liability company,

    Plaintiff,

v.                                Case No: 2:14-cv-669-FtM-29DNF

TOPGEAR IMPORTS LLC, a New Jersey limited liability corporation, ARET YIANJIAN, and SUDARSHAN RAJAN,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendants TopGear Imports, LLC, Aret Yilanjian, and Sudarshan Rajan's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue (Doc. #8) filed on December 19, 2014. Plaintiff filed a Response (Doc. #14) on February 2, 2015. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff European Auto Exporters, LLC (Plaintiff or European Auto) has filed a seven-count Complaint (Doc. #1) against Defendants TopGear Imports, LLC (TopGear), Aret Yilanjian (Yilanjian), and Sudarshan Rajan (Rajan) alleging that Defendants committed fraud, breach of contract, and various other statutory

violations in connection with the sale of two collectable automobiles. The underlying facts, as set forth in the Complaint, are as follows:

European Auto is a Florida limited liability company in the business of reselling collectable cars. (Id. at ¶ 5.) TopGear is a New Jersey limited liability company in the same line of business.[1] (Id. at ¶ 6.) In May 2014, European Auto responded to Top Gear's internet advertisement for the sale of a 1989 Porsche 911 (the Turbo). (Id. at ¶ 11.) European Auto agreed to pay TopGear $103,500 for the Turbo. (Id.) In addition to the Turbo, TopGear promised to provide European Auto with the Turbo's original title, an affidavit from the Turbo's previous owner stating that the Turbo's odometer was accurate, and certain other paperwork. (Id. at ¶ 13.) European Auto tendered payment and took possession of the Turbo, but TopGear failed to provide the Turbo's original title and paperwork. (Id.) Subsequently, European Auto filed a complaint with New Jersey's Motor Vehicle Commission (the Commission) in order to determine whether TopGear indeed possessed title to the Turbo. (Id. at ¶¶ 28-29.) The Commission's investigation did not find the Turbo's title. (Id.)

---

[1] The Complaint alleges that Yilanjian and Rajan are New Jersey citizens, but does not allege their relationship to TopGear. Yilanjian and Rajan have provided Declarations (Docs. ##8-1; 8-2) in which they identify themselves respectively as TopGear's "Managing Member" and "Authorized Representative."

During the same time period, TopGear agreed to purchase a 1989 Porsche Speedster (the Speedster) from European Auto for $270,000. (Id. at ¶ 14.) TopGear made a $20,000 down payment for the Speedster and, relying upon TopGear's promise to pay the remainder, European Auto acquired the Speedster from a third-party. (Id. at ¶¶ 15-17.) When TopGear refused to make the additional payment, European Auto re-listed the Speedster and kept the $20,000 down payment. (Id. at ¶¶ 18-21.) Subsequently, Yilanjian and Rajan threatened to put European Auto out of business and threatened to have European Auto's principals put in jail if the $20,000 deposit was not returned. (Id. at ¶¶ 22-27.) When European Auto refused, Yilanjian and Rajan spread defamatory material about European Auto and harassed the family of one of European Auto's principals. (Id.)

Defendants now move to dismiss the Complaint for lack of personal jurisdiction or, in the alternative, to transfer venue to the District of New Jersey. European Auto responds that the Court has personal jurisdiction over Defendants via Florida's long-arm statute and that venue is proper in this District.

**II.**

A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). Whether a court has personal jurisdiction over a defendant in a diversity case is

3

governed by a two-part analysis. Mutual Serv. Ins. Co. v. Frit Indus., 358 F.3d 1312, 1319 (11th Cir. 2004). The court must first determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) (citing Sculptchair, Inc. v. Century Arts, 94 F.3d 623, 626 (11th Cir. 1996)). If the court determines that the long-arm statute is satisfied, it must then determine "whether the extension [of] jurisdiction comports with the due process requirements of the Fourteenth Amendment." Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002) (citing Posner, 178 F.3d at 1214).

**A.  Florida's Long-Arm Statute**

The reach of Florida's long-arm statute is a question of Florida law and federal courts must construe it as would the Florida Supreme Court. United Techs. Corp. v. Mazer, 556. F.3d 1260, 1274 (11th Cir. 2009) (citations omitted). Under Florida law, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Mazer, 556 F.3d at 1274 (citing Posner, 178 F.3d at 1214). In assessing the sufficiency of the jurisdictional allegations, the Court must accept the factual allegations in the complaint as true. Licciardello v. Lovelady, 544 F.3d 1280, 1284 n.3 (11th Cir. 2008). If the plaintiff's factual allegations are

4

sufficient to support the exercise of personal jurisdiction, the burden then shifts to the defendant to challenge the allegations with affidavits or other evidence to the contrary. Meier, 288 F.3d at 1269. The burden then shifts back to the plaintiff to produce evidence supporting jurisdiction. Id.

European Auto argues that the Court has personal jurisdiction over Defendants because they committed a tortious act within Florida. Florida's long-arm statute provides that a person "[c]omitting a tortious act within this state" is subject to personal jurisdiction. Fla. Stat. § 48.193(1)(a)(2). Florida courts have interpreted this provisions expansively, concluding that it encompasses a "nonresident defendant who commits a tort outside of the state that causes injury inside the state." Licciardello, 544 F.3d at 1283. Furthermore, an out-of-state defendant's physical presence in Florida is not necessarily required. Rather, a nonresident defendant can commit a tortious act in Florida "through the nonresident defendant's telephonic, electronic, or written communications into Florida," as long as the cause of action arises from those communications. Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002).

Here, European Auto alleges that Defendants committed the tort of fraud when they (1) falsely represented to European Auto that they possessed marketable title to the Turbo; and (2) knowingly provided European Auto with a forged affidavit from the

5

Turbo's previous owner attesting to the accuracy of the Turbo's odometer. The alleged fraud took place via telephonic and electronic communications between Defendants in New Jersey and Plaintiff in Florida. As a result of the alleged fraud, European Auto alleges that it has been injured in Florida because, without marketable title, the Turbo is worth far less than its purchase price. Taken as true, these allegations are sufficient to satisfy Florida's long-arm statute. See, e.g., Brennan v. Roman Catholic Diocese of Syracuse N.Y., 322 F. App'x 852, 855 (11th Cir. 2009) (claim that nonresident defendant fraudulently misrepresented via telephone that it would pay for resident plaintiff's mental health counseling satisfied Florida's long-arm statute). However, the only Defendants alleged to have committed fraud are Yilanjian and Rajan (Doc. #1, ¶ 67), and European Auto does not assert any other basis for exercising long-arm jurisdiction over Top Gear.[2] Accordingly, Defendants' motion is granted as to Top Gear, but European Auto will be given leave to amend. The Court will proceed with the due process analysis as to Yilanjian and Rajan.

B.  **Constitutional Due Process**

Once the Florida long-arm statute has been satisfied, the court must then determine if exercising personal jurisdiction over

---

[2] The causes of action pled against Top Gear—statutory violations and breach of contract—are not torts and, therefore, European Auto cannot rely upon them in support of its argument that jurisdiction exists pursuant to Fla. Stat. § 48.193(1)(a)(2).

6

the defendants would comport with the due process requirements of the Fourteenth Amendment. See, e.g., Meier, 288 F.3d at 1269. In order to determine whether the Due Process Clause permits the exercise of personal jurisdiction over a defendant who satisfies the long-arm statute, the court must consider two things. First, the court must determine whether the defendant has purposefully established such constitutionally significant contact with the state of Florida that he could have reasonably anticipated that he might be sued here in connection with those activities. If the defendant has done so, the court must determine whether the forum's interest in the dispute and the plaintiff's interest in obtaining relief are outweighed by the burden of the defendant having to defend himself in a Florida court. Licciardello, 544 F.3d at 1284.

**(1) Defendants' Contacts With Florida**

In cases involving intentional torts, a defendant will be found to have constitutionally significant contact with a forum state if he "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1221 n.28 (11th Cir. 2009). When performing this analysis, the court must keep in mind that "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need

7

for physical presence within a State in which business is conducted." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). Accordingly, "[s]o long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." Id.

Here, European Auto alleges that Yilanjian and Rajan committed the intentional tort of fraud by (1) misrepresenting that they possessed (and would provide to European Auto) the Turbo's original title; and (2) inducing European Auto into purchasing the Turbo by providing a forged affidavit from the Turbo's previous owner attesting to the accuracy of the Turbo's odometer. European Auto further alleges that Yilanjian's and Rajan' fraud was directed at Florida because they knew that European Auto was a Florida company at the time they committed the alleged fraud. These allegations satisfy the first two prongs of the analysis. As a result of the alleged fraud, European Auto alleges that it has been injured in Florida because the Turbo is worth far less than its purchase price. European Auto argues that these injuries were reasonably foreseeable to Yilanjian and Rajan because the goal of the alleged fraudulent scheme was to unload the Turbo to a Florida company at a fraudulently-inflated price. The Court agrees. See, e.g., Calder v. Jones, 465 U.S. 783, 790 (1984) (plaintiff's injury in the forum state as a result of

8

nonresident defendants' libel were reasonably foreseeable where defendants "knew that the brunt of that injury would be felt by [plaintiff] in the State in which she lives and works"). Therefore, as alleged in the Complaint, Yilanjian and Rajan have constitutionally significant contacts with Florida.

### (2) Fair Play And Substantial Justice

Even where a defendant has purposefully established constitutionally significant contacts within the forum state, jurisdiction must further be evaluated in light of several other factors to determine "whether the extension of jurisdiction comports with traditional notions of fair play and substantial justice under the principles established in International Shoe and its progeny." Meier, 288 F.3d at 1276 (citing Posner, 178 F.3d at 1221); see also Licciardello, 544 F.3d at 1284. In determining whether jurisdiction would comport with traditional notions of fair play and substantial justice, the court looks at factors such as: the burden on the defendant of litigating in the forum, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. Meier, 288 F.3d at 1276; see also Burger King, 471 U.S. at 476; Licciardello, 544 F.3d at 1288. "Where these factors do

9

not militate against otherwise permitted jurisdiction, the Constitution is not offended by its exercise." Licciardello, 544 F.3d at 1284 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)). In sum, the Court must "consider whether the forum's interest in this dispute and the plaintiff's interest in obtaining relief are outweighed by the burden on the defendant of having to defend himself in a Florida court." Licciardello, 544 F.3d at 1284.

Here, the Court finds persuasive European Auto's assertions that Florida has an interest in resolving an alleged scheme to defraud a Florida company. The law is clear that "Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." Licciardello, 544 F.3d at 1288. While the Court recognizes that there is some burden to Defendants should they be required to defend this action in Florida, such a burden can largely be eliminated by the use of telephonic hearings and conferences. See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 259 (11th Cir. 1996) ("The burden on the defendants occasioned by litigating outside of Michigan is not slight, but modern methods of transportation and communication reduce this burden significantly."). Moreover, any burden to Yilanjian and Rajan is offset by the burden to European Auto should it be required to litigate in New Jersey. Indeed, the Eleventh Circuit has held

10

that a "Florida plaintiff, injured by the intentional misconduct of a nonresident expressly aimed at the Florida plaintiff, is not required to travel to the nonresident's state of residence to obtain a remedy." Licciardello, 544 F.3d at 1288; see also Calder v. Jones, 465 U.S. 783, 790 (1984) ("An individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California."). Accordingly, on balance the Court finds that constitutional concerns of fair play and substantial justice are not offended by the exercise of personal jurisdiction over Yilanjian and Rajan.

### III.

As an alternative to their motion to dismiss, Defendants move to transfer venue to the District of New Jersey. Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When evaluating a motion to transfer venue, the court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight

11

> accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). When weighing these factors, the court must keep in mind that there is a "strong presumption against disturbing plaintiffs' initial forum choice." SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1100 (11th Cir. 2004). Thus, the plaintiff's choice of forum should not be disturbed unless the balance is strongly in favor of the defendant. Id.

The Court finds that Defendants have not shown that the factors strongly favor transfer to the District of New Jersey. While Defendants are based and located in New Jersey, and most of the witnesses live in or near New Jersey, European Auto and the two vehicles in question are located in Florida. Likewise, while Defendants are correct that many of the relevant documents will be located among their records in New Jersey, European Auto's records, which are located in Florida, will also be at issue. Thus, discovery outside the district is inevitable regardless of the chosen venue. Moreover, as the vast majority of relevant documents will undoubtedly be exchanged electronically, this factor would not weigh heavily in favor of transfer even if discovery outside the district was not inevitable. Lastly, Defendants are correct that a New Jersey court would likely be better-equipped to evaluate European Auto's causes of action that arise under New Jersey

12

statutory law.  However, while this factor does favor Defendants, the Court concludes that it is not strong enough to shift the balance strongly in favor of disturbing European Auto's choice of forum.  Accordingly, the Court declines to transfer venue to the District of New Jersey.

Accordingly, it is now

**ORDERED:**

1.  Defendants TopGear Imports, LLC, Aret Yilanjian, and Sudarshan Rajan's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue (Doc. #8) is **GRANTED IN PART and DENIED IN PART.**

2.  As to Defendant TopGear Imports, LLC, the Complaint (Doc. #1) is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

3.  The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of March, 2015.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record